LEULU PATEA MALAGA (F) of Pago Pago,
Plaintiff

v.

ALAGA LAGAFA'ATASI (M) of Pago Pago,
Defendant

No. 291-1965

High Court of American Samoa

Civil Jurisdiction, Trial Division

August 18, 1966

Fofo, Counsel for the Plaintiff.
Alaga Lagafa'atasi, *pro se*.

### OPINION OF THE COURT

HYDEN, *Chief Justice*.

On October 12, 1965, the Plaintiff filed a petition for eviction against the Defendant herein and service of a copy of the petition upon the Defendant was had on October 12, 1965. The Defendant filed no answer.

On Wednesday, August 17, 1966, the Court viewed the land in question in the presence of the parties to this suit.

On Thursday, August 18, 1966, this cause came on regularly for hearing.

In this action the Plaintiff prayed the Court for an Order of Eviction against the Defendant to evict him from the communal family land of the Patea Family.

All of the parties were in substantial agreement as to the facts of this case.

The evidence disclosed that the Defendant entered into occupancy of the Patea Family land at the request of the

holder of the Patea title in approximately 1953 and has constructed his fales on that land and has continuously resided there since that time.

The evidence further disclosed that the Patea who assigned the subject land to the use of the Defendant is now deceased and that the title Patea is at this moment vacant.

It is also clear from the evidence that the Defendant has engaged in a course of conduct that the Plaintiff and other members of the Patea Family have found offensive to them. This conduct is said to consist of actions that appear to claim supernatural powers and include predictions as to the deaths of members of the Patea Family. The Plaintiff has said that it is this course of conduct alone that has given rise to this law suit. There is no other basis than this course of conduct for the request that the Defendant be evicted.

The Defendant recognizes, as he would have to as a matter of law, that his permission to occupy Patea Family land depends upon the decision of the person in charge of those lands.

In these circumstances with all of the material facts being largely agreed upon, we view this case as one raising the comparatively simple question arising under the matai system of "Who can act as a matai?" The law of American Samoa is quite clear on this point in that only a matai has the powers, the authority, the pule of a matai. (Title VI, Code of American Samoa, 1961 Edition.) The Plaintiff Leulu Patea Malaga admittedly does not hold the matai title. As her counsel ably brought to the attention of the Court, as a member of the family, she or her sister Mama or other members of the immediate family, of course, can act for the Patea Family. But this authority extends only to taking those actions designed to preserve and conserve the family properties. Only the matai is recognized, under the matai system, as the person having the author-

ity to assign occupancy rights to individuals. The same, obviously, must hold true with respect to the termination of occupancy rights; only the matai would have this power.

The Court views the statutory requirements that a person must have his claim to succession to the matai title registered before he can act as a matai as the very strength of the matai system. It keeps unauthorized persons from exercising these powers. In this connection the Court recognizes that the Defendant's occupancy of Patea Family lands could never ripen into title by adverse possession because it originated in the consent of a matai and therefore his occupancy is not adverse to that of the family but is at its will or sufferance and governed by the decision of the matai of the family. The Patea Family need have no fear that Alaga's continued occupancy of Patea Family land can ripen into title by adverse possession for the reasons stated above.

The Defendant in his testimony has stated that he would not leave the land in question unless he was paid for his services rendered under Samoan custom, to the matai and the Patea Family. The Court finds and we so hold that the Defendant cannot convert these services into a contractual obligation to compensate his [sic] for these services. These services did not originate as a contractual obligation and the Defendant's claim in this regard is not enforceable by law.

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED that Leulu Patea Malaga or any other blood member of the Patea Family while having authority to sue to protect, preserve or conserve Patea Family lands, does not have authority, under the laws of American Samoa, to act as a matai and withdraw or revoke occupancy rights of the Defendant herein, that right being the exclusive authority of the matai of the family. This Court

unanimously returns a verdict in favor of the Defendant and against the Plaintiff herein.

Court costs of $20.00 to be paid by the Plaintiff within 30 days of the filing of this opinion and decree.

Done this 18th day of August, 1966.